UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JUAN CARLOS ARROYO-REYES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 98-1079 (JAF)

### OPINION AND ORDER

Petitioner, Juan Carlos Arroyo-Reyes, seeks a certificate of appealability for our denial of his motion for reconsideration of this court's rejection of his Section 2255 petition. We deny Petitioner's motion.

On September 7, 1994, Petitioner pled guilty to violations of 21 U.S.C. § 846 (1994), conspiracy to distribute not less than fifty grams of cocaine base, not less than five kilograms of cocaine, not less than one kilogram of heroin, and some marihuana; and 18 U.S.C. § 924(c)(1) (1996 & Supp. I 1999), knowingly using and carrying a firearm in relation to a drug-trafficking crime. We sentenced Petitioner to consecutive terms of 204 and 60 months of imprisonment, and judgment was entered against him on February 3, 1995. On

Civil No. 98-1079 (JAF)                                                           2-

November 18, 1996, the First Circuit entered a judgment affirming Petitioner's conviction.

On January 29, 1998, Petitioner filed a Section 2255 petition. 28 U.S.C. § 2255 (1994 & Supp. I 2001). Petitioner raised two arguments. First, Petitioner argued that he was penalized as though he had been carrying crack cocaine as opposed to the cocaine base he alleges that he was actually carrying. Second, Petitioner contended that he was improperly punished pursuant to 18 U.S.C. § 924(c)(1) because he was erroneously deemed to have "used" a firearm, as that term is interpreted under United States v. Bailey, 116 S. Ct. 501 (1995). This court rejected both of Petitioner's arguments, and we dismissed his Section 2255 petition on May 11, 1998.

On June 8, 1998, Petitioner filed a motion for a certificate of appealability of our denial of his Section 2255 petition. On that same date, he also filed a notice of appeal of our May 11, 1998 decision. On July 14, 1998, we denied Petitioner's motion requesting a certificate of appealability. On March 23, 1999 and on April 26, 1999, the First Circuit entered judgments against Petitioner, denying his requests for a certificate of appealability.

On April 10, 2001, Petitioner filed a motion for reconsideration of our judgment dismissing his Section 2255 petition pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 60(b).

AO 72
(Rev 8/82)

Civil No. 98-1079 (JAF)                                               3-

In his Rule 60(b) motion, Petitioner argued that this court had improperly applied United States v. Bailey, 116 S. Ct. 501 (1995), and had erroneously disregarded Bousley v. United States, 523 U.S. 614 (1998). We denied Petitioner's motion for reconsideration on May 22, 2001.

On July 26, 2001, Petitioner filed an appeal from this court's denial of his motion for reconsideration of our dismissal of his Section 2255 petition.

On August 27, 2001, Petitioner filed a motion for a certificate of appealability of our denial of his motion for reconsideration. Petitioner claims that he is innocent of the firearms charge.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B) (1994 & Supp. I 2001). An order denying a habeas petitioner's Rule 60(b) motion for reconsideration is a final order in a section 2255 proceeding requiring a certificate of appealability before a petitioner can appeal to the First Circuit. See Greenawalt v. Stewart, 105 F.3d 1268, 1272 (9th Cir. 1997). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Civil No. 98-1079 (JAF) 4-

This court concludes that Petitioner has not made the showing required to obtain a certificate of appealability. Therefore, we **DENY** his motion.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of December, 2001.

JOSE ANTONIO FUSTE
U. S. District Judge