# United States Court of Appeals
## For the First Circuit

No. 04-1298

98-1079 (JAF)

JUAN CARLOS ARROYO-REYES,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

RECEIVED AND FILED
'05 MAY 13 PM 5:17
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge
and Lynch, Circuit Judge.

JUDGMENT

Entered: May 3, 2005

    In May 1998, the district court denied a motion filed by Juan Carlos Arroyo Reyes pursuant to 28 U.S.C. § 2255. In July 1998, the district court denied Arroyo's request for a certificate of appealability (COA) and, in February 1999, this court also denied a COA.

    In July 2003, Arroyo filed a motion in the district court which he contends is an appropriate motion filed pursuant to Fed. R. Civ. P. 60(b) challenging the procedure used by the district court and this court in denying the COA requests. See Rodwell v. Pepe, 324 F.3d 66 (1st Cir.) (holding that, where the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured, the motion may be adjudicated under Rule 60(b)), cert. denied, 540 U.S. 873 (2003); Munoz v. United States, 331 F.3d 151 (1st Cir.) (per curiam) (applying the reasoning of Rodwell to § 2255 motions),

cert. denied, 540 U.S. 1025 (2003). The district court denied that motion and Arroyo has appealed.

We will assume, arguendo, that, as Arroyo argues, his most recent filing was properly framed as a Rule 60(b) motion. We further assume, arguendo, that, in accordance with the developing case law, Arroyo needs to obtain a COA to appeal the denial of his Rule 60(b) motion and we construe his response to our show cause order as a COA application. See United States v. Vargas, 393 F.3d 172, 174 (D.C. Cir. 2004) (citing emerging case law as requiring a COA to appeal the denial of a Rule 60(b) motion). The standard for issuance of a COA is whether "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But, "[t]he issue that [Arroyo] seeks to raise deals not with a constitutional right, but with the district court's application of Rule 60(b)." United States v. Vargas, 393 F.3d at 175. Even were we to further assume, arguendo, that the district court denied the Rule 60(b) motion on procedural grounds, we would not issue a COA. "[J]urists of reason would [not] find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).[1]

---

[1] In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Court held that "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right **and** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (Emphasis added). The Slack axiom is not strictly apt here, since Arroyo is not challenging (at least not directly) the district court's 1998 denial of his § 2255 motion (in which the district court *did* reach the merits of his constitutional claim), but the 2003 denial of his Rule 60(b) motion challenging the 1998 denial of his COA request.

Nonetheless, to the extent that Slack favors consideration, under the COA standard, of the procedural correctness of the ruling on a Rule 60(b) motion, we find it a useful guide. Passing the first prong of this two-prong standard, we conclude, for the reasons set out in the text, that Arroyo has not shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. "Each component of the [COA] showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack v. McDaniel, 529 U.S. at 485.

Relying on Miller-El v. Cockrell, 537 U.S. 322 (2003), Arroyo contends that both the district court and this court used a too demanding standard in denying his 1998 COA request. Our threshold inquiry concludes, however, that Arroyo has not shown that either the ruling by the district court or the ruling by this court was contrary to the teaching of Miller-El and that, therefore, he has not shown that jurists of reason could conclude that the denials of his 1998 COA request were debatable or incorrect. Accordingly, Arroyo's most recent filing was correctly denied.

In Miller-El, the Supreme Court reiterated that, in determining whether to grant or deny a COA to a petitioner, "the court of appeals should limit its examination to a threshold inquiry into the underlying merit of his claims," that a petitioner need only demonstrate "a substantial showing of the denial of a constitutional right," citing 28 U.S.C. § 2253(c)(2), and that "[a] petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. at 327. Because a COA is "a jurisdictional prerequisite" to entertaining an appeal, "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." Id. at 335-36. The Court, in Miller-El, reversed the Fifth Circuit's decision to deny Miller-El a COA because, according to the Court, what the Fifth Circuit had done in error in Miller-El was to collapse review of the petitioner's COA request into an analysis of the merits of the case. Id. at 330.

That was not true in the analysis employed in this case, either at the trial level or on appeal. It is the applicant's burden to establish the substantial showing of the denial of constitutional right. 28 U.S.C. § 2253(c)(2). In denying Arroyo's 1998 COA request, the district court accurately remarked that Arroyo had made no specific claim regarding the basis for his appeal. The district court's following reference to "see[ing] no reason to revise our Opinion and Order of May 11, 1998" was, therefore, simply the consequential result of Arroyo's failure of that burden and not an inappropriate collapse of the COA standard into a merits analysis. In evaluating a COA request, a district court is not forbidden from any reference to its underlying merits decision. Rather, Miller-El recognizes that the threshold inquiry "requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. at 336. Nothing in Miller-El suggests that there was anything improper about the district court's assessment that Arroyo's 1998 COA request did not raise anything to challenge that merits decision and that, independently, it did not see any basis for revision.

Similarly, nothing in <u>Miller-El</u> suggest that, as Arroyo contends, we used a too demanding standard in denying his 1998 COA request. We did not collapse review of the COA request into an analysis of the merits of Arroyo's case. As "required" for the "COA determination under § 2253(c)" we took "an overview of the claims in the habeas petition and a general assessment of their merits." <u>Id.</u> at 336. Consistent with the teaching of <u>Miller-El</u>, we did not resolve the merits of Arroyo's case. Rather, we resolved "the debatability of the underlying constitutional claim," <u>id.</u> at 342, and, in the course of our "threshold inquiry into the underlying merit of [Arroyo's] claims, <u>id.</u> at 327, we referred to "the reasons stated" in the district court's merits opinion as the basis for our conclusion that Arroyo failed to carry his burden of demonstrating "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

<u>The November 21, 2003 order of the district court denying appellant's motion is affirmed</u>.

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
**MARGARET CARTER**
Chief Deputy Clerk.

[cc: Juan Carlos Arroyo Reyes, H.S. Garcia, Esq. and Thomas F. Klumper, Esq.]